Case 2:23-cv-00099-ACE    ECF No. 26    filed 01/18/24    PageID.975    Page 1 of 7

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 18, 2024

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY WOOD,<br><br>Plaintiff,<br><br>v.<br><br>THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation,<br><br>Defendant. | No. 2:23-CV-00099-ACE<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 18 |

**BEFORE THE COURT** is Defendant's motion for summary judgment. ECF No. 18. Defendant is represented by Sarah E. Davenport. Plaintiff is represented by attorneys Casey M. Bruner and Michael B. Love. Having reviewed the pleadings and the file, the Court is fully informed and herein denies Defendant's motion for summary judgment.

## BACKGROUND

As stated in Plaintiff's complaint, quoting the state courts, "[t]his case is about a 'dream house turned into a nightmare.'" ECF No. 1 at 3 (quoting *Wood v. Milionis Constr., Inc.*, 198 Wash.2d 105, 110 (2021) quoting dissent in *Wood v. Milionis Constr., Inc.*, 2020 WL 2042964 (Wash.Ct.App. 2020) (unpublished) (Fearing, J., dissenting)).

In July 2015, Plaintiff and Milionis Construction entered into a contract for the construction of a single-family home in Newman Lake, Washington. Following several issues, construction ceased in November 2016 with the home unfinished, and Plaintiff filed suit against Milionis Construction in the Spokane County Superior Court. Defendant, the commercial general liability insurer for Milionis Construction, agreed to defend Milionis Construction under a reservation

ORDER - 1

of rights, including the right to deny coverage. On September 29, 2017, Defendant filed an action in federal court (2:17-CV-00341-SMJ) seeking declaratory judgment that it was not obligated to provide insurance or coverage of the claims brought by Plaintiff against Milionis Construction. In response to the declaratory suit, Milionis Construction filed counterclaims for insurance bad faith, violations of the Insurance Fair Conduct Act, and violations of Washington's Consumer Protection Act ("CPA"), Wash Rev. Code § 19.86, *et seq*. The federal court held that Defendant had a duty to defend Milionis Construction and ultimately determined that Milionis Construction's insurance bad faith and CPA claims remained viable.

With respect to the state court litigation, Milionis Construction and Plaintiff eventually entered into a settlement agreement. As a part of the settlement agreement, Milionis Construction assigned to Plaintiff all claims it had against Defendant. In this case, Plaintiff asserts the remaining assigned claims: insurance bad faith and violation of the CPA.

On November 1, 2023, Defendant filed a motion for summary judgment. ECF No. 18. Defendant argues Plaintiff's claims of insurance bad faith and violations of the CPA should be dismissed because there is no evidence Defendant's conduct was "unreasonable, frivolous, or untenable" or "unfair or deceptive" and caused damages to Milionis Construction. ECF No. 18 at 2-3. Plaintiff filed a response to the summary judgment motion arguing there is sufficient evidence in the record to support a jury finding that Defendant's conduct regarding its duties to Milionis Construction was in bad faith. ECF No. 21.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) states that a party is entitled to summary judgment in its favor if "the movant shows that there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law.

ORDER - 2

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-249 (1986). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

Once the moving party has carried the burden under Rule 56, the party opposing the motion must do more than simply show there is "some metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion must present facts in evidentiary form and cannot rest merely on the pleadings. *Anderson*, 477 U.S. at 248. Genuine issues are not raised by mere conclusory or speculative allegations. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

The Supreme Court has ruled that Federal Rule of Civil Procedure 56(c) requires entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. Therefore, the question on summary judgment is "whether the evidence is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-252. Where there is no evidence on which a jury could reasonably find for the nonmoving party, summary judgment is appropriate. *Id.* at 252.

## DISCUSSION

As stated above, the Complaint asserts the remaining claims assigned to Plaintiff by Milionis Construction: insurance bad faith and violation of the CPA, *see* ECF No. 1 at 8-9, and Defendant's motion for summary judgment seeks dismissal of these claims, ECF No. 18. Plaintiff's response argues Defendant's motion for summary judgment should be denied because Defendant already brought this motion before Judge Mendoza and lost. ECF No. 21 at 1-2 (citing 2:17-CV-00341-SMJ; ECF No. 123).

ORDER - 3

Plaintiff is correct that the issues before the undersigned in Defendant's motion for summary judgment have been previously addressed in this district by the Honorable Salvador Mendoza, Jr.  Here, the Court relies greatly on Judge Mendoza's findings and conclusions as no known significant change has occurred in the interim.

### A.    Expert Disclosure

Defendant's briefing initially points out that the Court's deadline for expert witness disclosures, September 22, 2023, has passed without Plaintiff disclosing an expert.  ECF No. 18 at 7.  Defendant argues that without an expert, Plaintiff has no basis to establish that Defendant could have acted in bad faith or in violation of the CPA.  *Id*. at 11, 15.

Plaintiff responds that, consistent with the parties' joint statement, ECF No. 11 at 2-3, and representations made at the telephonic scheduling conference, the parties agreed to rely upon the discovery propounded in the prior federal case.  ECF No. 21 at 3.  That is the Court's recollection as well.

Although Plaintiff did not re-disclose their expert as directed by the Court's scheduling order, ECF No. 14 at 3, given the likelihood of confusion regarding discovery,[1] the Court would permit the parties to rely on their prior discovery to satisfy the Court's scheduling order or, in the alternative, the Court would entertain a motion for a continuance of the deadlines provided in the initial scheduling order, both expired and unexpired.

Plaintiff's response requests that Defendant be sanctioned for making false representations regarding this issue.  ECF No. 21 at 3.  The Court believes confusion regarding discovery obligations is the culprit and that Defendant did not

---

[1]As noted by Plaintiff, Defendant's motion relies on an expert report that it also failed to re-disclose in compliance with the Court's scheduling order.  ECF No. 21 at 3.

ORDER - 4

make knowing, false statements. Therefore, the Court is not inclined to impose sanctions at this time.

B.   **Bad Faith Claim**

As stated in Judge Mendoza's prior order regarding insurance bad faith claims, an insurer in Washington has a duty of good faith to its policyholder and violating that duty may give rise to a tort action. *Smith v. Safeco Ins. Co.*, 150 Wash.2d 478, 484 (2003). To establish a breach of the common law duty of good faith, a plaintiff must prove a defendant's action "was unreasonable, frivolous, or unfounded." *Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.*, 161 Wash.2d. 903, 916 (2007). Reasonableness is assessed in light of all the facts and circumstances of the case. *Anderson v. State Farm Mut. Ins. Co*., 101 Wash.App. 323, 329-330 (2000). Moreover, because Defendant defended Milionis Construction in the underlying action under a reservation of rights, Defendant had an "enhanced obligation" of fairness as part of its duty of good faith. *Tank v. State Farm Fire & Cas. Co.*, 105 Wash.2d 381, 387 (1986).

> This enhanced obligation is fulfilled by meeting specific criteria. First, the company must thoroughly investigate the cause of the insured's accident and the nature and severity of the plaintiff's injuries. Second, it must retain competent defense counsel for the insured. Both retained defense counsel and the insurer must understand that only the insured is the client. Third, the company has the responsibility for fully informing the insured not only of the reservation-of-rights defense itself, but of all developments relevant to his policy coverage and the progress of his lawsuit. Information regarding progress of the lawsuit includes disclosure of all settlement offers made by the company. Finally, an insurance company must refrain from engaging in any action which would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk.

*Id*. at 388.

As noted by Judge Mendoza, although the record reflects Defendant continued to engage in the mediation proceedings, raised the amount it offered to contribute toward settlement, was not obliged to accept the settlement amount

ORDER - 5

demanded, and ultimately split the file between a liability representative and a coverage counsel when a bad faith claim was asserted, Plaintiff has propounded an expert that opined Defendant acted improperly in handling the claim by failing to timely split the file, allowing direct communications between the representative and counsel, and failing to consider the recommendations or analyses of counsel prior to the mediation conferences. *See* 2:17-CV-00341-SMJ; ECF No. 123 at 6-7. Plaintiff's expert noted Defendant was focused at the outset only on its "no coverage" position and did not consider its "enhanced" duty of good faith to Milionis Construction. *Id.*

As previously determined by Judge Mendoza, Defendant is not entitled to summary judgment on the bad faith claim because there are disputed material facts pertaining to the reasonableness of Defendant's conduct. The Court finds that a reasonable jury could conclude that Defendant acted in bad faith; therefore, Defendant's motion for summary judgment on the insurance bad faith claim is denied.

### C. Consumer Protection Act Claim

The CPA prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. Wash. Rev. Code § 19.86.020. A prima facie CPA claim requires a plaintiff to show: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting the public interest; (4) an injury to the business or property; (5) that is proximately caused by the unfair or deceptive act or practice. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784-785 (1986). "[A]n insurer's breach of its duty of good faith, [Revised Code of Washington §] 48.01.030, constitutes a per se violation" of the CPA. *Gingrich v. Unigard Sec. Ins. Co.*, 57 Wash. App. 424, 433 (1990) (citing *Salois v. Mut. of Omaha Ins. Co.*, 90 Wash. 2d 355, 359 (1978)).

On reconsideration, Judge Mendoza decided that because the CPA claim was closely related to the bad faith claim, the CPA claim premised on bad faith

ORDER - 6

would be allowed to proceed to trial. *See* 2:17-CV-00341-SMJ; ECF No. 149 at 4-5. The undersigned agrees.

Since an insurer's breach of its duty of good faith is a per se violation of the CPA, and Defendant is not entitled to summary judgment on Plaintiff's insurance bad faith claim, the CPA claim shall remain viable. Defendant's motion for summary judgment on the CPA claim is denied.

**D.     Damages**

Defendant's briefing argues that Plaintiff has failed to set forth sufficient facts to support the necessary element of damages for the bad faith and CPA claims. ECF No. 18 at 14; ECF No. 24.

As determined above, Plaintiff has presented sufficient facts to establish prima facie insurance bad faith and CPA claims and survive summary judgment. Plaintiff shall be permitted to prove damages at trial.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED.**

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to counsel.

DATED January 18, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 7