UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHIGNTON

| | |
|---|---|
| JEFFREY WOOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation,<br><br>　　　　Defendant. | No. 2:23-CV-00099-ACE<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>**ECF No. 85** |

**BEFORE THE COURT** is Defendant's July 15, 2024 Motion for Reconsideration of Pretrial Order. ECF No. 85. Plaintiff is represented by Casey M. Bruner and Michael B. Love. Defendant is represented by Sarah E. Davenport and Jennifer P. Dinning.

On July 1, 2024, after full briefing and oral argument, the Court entered a Pretrial Order addressing the parties' remaining pretrial issues. *See* ECF No. 83. Relevant to the instant motion for reconsideration, the Court's Pretrial Order precluded any evidence at trial that the damages amount in this case is anything less than $1,700,000.00, ECF No. 83 at 13, precluded any evidence that it was ultimately determined that Defendant was not required to indemnify Milionis Construction in the underlying suit (no coverage for the claim), ECF No. 83 at 13-14, permitted evidence of Defendant's reserve settings, ECF No. 83 at 15-16, and determined WPI 320.01.01 and Plaintiff's suggested "Original Jury Instruction on Presumption of Damages" would be utilized in this case, ECF No. 83 at 21-23. Defendant, seeking reconsideration, asserts the foregoing determinations in the Pretrial Order fail to take into consideration Washington law regarding bad faith

ORDER - 1

and preclude Defendant from presenting evidence that supports the defense that Defendant acted reasonably in handling Milionis' claim. ECF No. 85 at 2-3.

      As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988); *Messenger v. Anderson*, 225 U.S. 436, 444 (1912) ("courts generally . . . refuse to reopen what has been decided"). Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). However, reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D. Hawaii 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988)); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters, Inc.*, 229 F.3d at 883).

      Here, Defendant has neither alleged that there has been an intervening change of controlling law nor offered newly discovered evidence that would justify reexamining the issues raised. *See* ECF No. 85. Therefore, the only question is whether the Court should alter the Pretrial Order in order to correct a clear error or prevent manifest injustice.

      While Defendant disagrees with the Court's rulings and reiterates prior arguments, ECF No. 85 at 2-9, Defendant was given a full and fair opportunity to

ORDER - 2

address these issues with full briefing and oral argument at the pretrial conference. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters, Inc.*, 229 F.3d at 890 (emphasis in original); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) (reconsideration is properly denied when the movant "present[s] no arguments . . . that had not already been raised" in the underlying motion). A motion for reconsideration is likewise not the proper vehicle for offering evidence or legal theories that were available to the party at the time of the initial ruling. *See Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987); *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (granting a party a "second bite at the apple" is not the purpose of reconsideration). Defendant's restatement of prior arguments does not demonstrate the Court committed clear error that was manifestly unjust. Defendant has thus provided insufficient grounds upon which the Court can grant the motion for reconsideration.[1]

Accordingly, **IT IS ORDERED** Defendant's Motion for Reconsideration of Pretrial Order, **ECF No. 85**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

DATED July 23, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has nevertheless reviewed and now reaffirms its prior rulings: the presumptive damage amount in this case is $1,700,000.00, the settlement amount that was deemed reasonable by the trial court and the state supreme court; any determination regarding coverage **after** Defendant's actions while defending Milionis under a reservation of rights is irrelevant and shall be precluded; and, consistent with Judge Mendoza's previous determination, the motion to exclude evidence of Defendant's reserves in the underlying action is denied.

ORDER - 3